**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 06-20861-CIV-HUCK/SIMONTON**

**DWIGHT JOHANNES DOWNS,**

      **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION RE: PLAINTIFF'S**
**MOTION TO ENFORCE SETTLEMENT**

      Presently pending before the Court is Plaintiff's Motion to Enforce Settlement (Attached to DE # 79).  This motion was originally filed in the United States Court of Appeals for the Eleventh Circuit.  The Eleventh Circuit has remanded the motion to the District Court, on a limited basis, for the purpose of determining whether an enforceable settlement agreement was reached between the parties (DE # 79).  This motion is referred to the undersigned Magistrate Judge (DE # 80).  The motion was fully briefed in the Eleventh Circuit.  *See* Attachments to DE # 79.   On May 15, 2008, the undersigned held an evidentiary hearing on the motion, limited to the issue of whether Department of Justice (DOJ) attorney Christopher Walker had actual authority from the Justice Department to settle the case on the terms claimed by Plaintiff.  All oral rulings made at the hearing are incorporated into this report and recommendation. For the reasons stated below, the undersigned finds and concludes that no enforceable settlement agreement was reached, and it is recommended that Plaintiff's Motion to Enforce Settlement be denied.

I. <u>Background</u>

On April 5, 2006, Plaintiff filed a complaint alleging that in April 2003, he had been injured and paralyzed due to the negligence of the United States Army Corps of Engineers leaving rocks in the swimming area when re-nourishing a beach in Miami-Dade County where Plaintiff had been swimming (DE # 1). On March 19, 2007, the District Court granted the government's motion for summary judgment, based on sovereign immunity, and entered final judgment for the government (DE ## 60-62).

On April 17, 2007, Plaintiff filed a notice of appeal from the judgment (DE # 68).

On September 10, 2007, the parties attended an appellate mediation. The mediation was attended in person by: the mediator, Plaintiff's attorney, Austin Carr, Plaintiff and Plaintiff's mother, and by Assistant United States Attorney Wendy Jacobus, with DOJ attorney Walker participating by telephone. No agreement was reached at mediation.

Subsequently, Plaintiff's attorney and Plaintiff lowered their demand and transmitted that to DOJ attorney Walker through the mediator, who acted as a messenger. On September 27, 2007 at 10:40 a.m., DOJ attorney Walker emailed the mediator stating that he was following up his voice mail of the previous day to confirm that he was not authorized to offer more than $100,000.00 in settlement, much less $200,000.00 (Pltf's Ex. 5). On September 27, 2007 at 12:07 p.m., the mediator emailed DOJ attorney Walker that Plaintiff's attorney had accepted Walker's offer of $100,000.00 pursuant to reasonable terms (Pltf's Exs. 1, 5). On September 27, 2007 at 3:42 p.m., DOJ attorney Walker emailed the mediator and Plaintiff's attorney stating that a proposed settlement agreement, as well as a sample waiver/release agreement, was attached (Pltf's Ex. 1). The proposed settlement agreement was not signed by DOJ attorney

2

Walker, and stated in subparagraph 6a., that the Attorney General or the Attorney General's designee had to approve the terms of the settlement and authorize the attorney representing the United States to negotiate and consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in the stipulation.  In subparagraph 6b., the proposed agreement stated, in pertinent part, that the United States would not seek approval from the Attorney General or his designee unless and until the parties had agreed to the terms and conditions of the Stipulation (Pltf's Ex. 1).

On October 1, 2007, the mediator sent a notice of post settlement dismissal procedures to the attorneys (Pltf's Ex. 2).

On October 2, 2007 at 1:08 p.m., Plaintiff's counsel sent an email to the mediator asking for a short email that he could forward to Plaintiff stating the case had settled for $100,000.00.  On October 2, 2007 at 1:33 p.m., the mediator sent an email to the attorneys stating that she was hoping to circulate the proposed settlement agreement by the close of business (Pltf's Ex. 4).

III.  **The Parties' Positions**

Plaintiff contends that there was a settlement between the parties and that the terms were that Plaintiff would receive $100,000.00 in exchange for a release of Plaintiff's claims against the United States, and asks that this settlement be enforced. Plaintiff further contends that the United States attempted to add further terms to the settlement agreement, specifically that Plaintiff obtain releases in favor of the United States from the State of Florida and from Miami-Dade County.

The United States contends that DOJ attorney Walker did not have authority to settle the case, and that no appropriate government official authorized a settlement of

3

this appeal.

Plaintiff responds that the circumstantial evidence in the case establishes that DOJ attorney Walker had actual authority to settle Plaintiff's claim for $100,000.00.  In support of this position Plaintiff relies upon the following facts: 1) the proposed settlement agreement supplied by DOJ attorney Walker was to be signed only by Walker for the United States; 2) DOJ attorney Walker was the only government attorney from the Justice Department who spoke to the mediator; and 3) on September 27, 2007, DOJ attorney Walker emailed the mediator stating that he was following up his voice mail of the previous day to confirm that he was not authorized to offer more than $100,000.00 in settlement, much less $200,000.00 (DE # 104).

    IV.  <u>The Evidentiary Hearing</u>

Prior to the evidentiary hearing, the parties were permitted to conduct discovery. At the evidentiary hearing, the undersigned Magistrate Judge considered the testimony of Plaintiff's counsel, Austin Carr, as well as the testimony (through deposition transcripts) of government attorneys Christopher Walker and Robert Kopp, the Director of the Civil Division Appellate Staff.  In addition, various exhibits were admitted into evidence.

Plaintiff's attorney, Austin Carr, testified that he believed DOJ attorney Walker had actual authority to settle this case because 1) the proposed settlement agreement supplied by DOJ attorney Walker was to be signed only by Walker for the United States; 2) DOJ attorney Walker was the only government attorney from the Justice Department who spoke to the mediator; 3) on September 27, 2007, DOJ attorney Walker emailed the mediator stating that he was following up his voice mail of the previous day to confirm that he was not authorized to offer more than $100,000.00 in settlement, much less

4

$200,000.00; 4) DOJ attorney Walker was the appellate attorney handling the case and 5) DOJ attorney Walker never said that he needed to get any further authorization to settle the case for $100,000.00.

Plaintiff's attorney also testified that DOJ attorney Walker never told him that he had authority from the Director of the Civil Division Appellate Staff to settle the case. He further testified that he assumed at the September 10, 2007 mediation that DOJ attorney Walker had authority to settle the case because normally a party must send to the mediation a representative with authority to settle. Plaintiff's attorney also testified that he was not familiar with the 11th Circuit Rule which stated that a governmental entity may send to mediation a representative authorized to negotiate on behalf of that entity and to make recommendations to it concerning settlement.

The parties also introduced at the hearing designated portions of the depositions of DOJ attorney Christopher Walker and of Robert Kopp, the Director of the Civil Division Appellate Staff.

DOJ attorney Walker testified that he was a line attorney in the Civil Division Appellate Staff, that Kopp was his boss, and Mark Stern was Walker's reviewer on the Downs case. Walker began to work for the Justice Department in August 2007. Before the mediation in Downs, Walker solicited the view of the Army Corps of Engineers, the Torts Branch and the United States Attorney's office concerning the case, who were willing to recommend $100,000.00 to settle the case, with releases from Plaintiff, the State of Florida, and Miami-Dade County. Walker also discussed the $100,000.00 amount with his reviewer, Stern. Walker testified that he was only authorized to recommend a settlement to the appropriate Justice Department official.

Walker testified that he did not discuss this case with Kopp until late December

2007 or early January 2008, after Plaintiff filed his motion to enforce settlement.  Kopp did not authorize a settlement for $100,000.00 and a release only from Plaintiff.  Walker had the impression that Kopp thought that Plaintiff's proposed settlement was ridiculous.

If Plaintiff and Walker had signed the proposed settlement agreement, Walker and Stern would have then written a memorandum to Kopp recommending that he approve the settlement.  Walker never drafted such a memorandum in this case or started to draft such a memorandum.  Walker never sought settlement authority in this case from Kopp either in writing or verbally.  As far as Walker knew, Stern never requested settlement authority in this case from Kopp.

At his deposition, Robert Kopp testified that he never authorized Walker or any other government attorney to settle this case, and that Walker and/or Stern never requested authority from him to settle this case, either verbally or in writing.  Kopp also testified that he did not review anything relating to this case until after Plaintiff filed the instant motion, and that he did not see the proposed settlement agreement in this case until he reviewed it in preparation for his May 3, 2008 deposition.  Kopp also testified that, pursuant to regulations, he had the authority to approve settlements of civil appeals up to $1,000,000.00, if all the interested government components concur, and if a novel question of law or policy is not presented.

V.  Analysis

The undersigned recommends that Plaintiff's motion to enforce settlement be denied.  The evidence submitted at the evidentiary hearing overwhelmingly establishes that DOJ attorney Christopher Walker did not have actual authority to settle the appeal. Indeed, as set forth below, the only direct evidence in the case is that Walker did not

have actual authority to settle the appeal, and the circumstantial evidence presented by Plaintiff to create an inference of actual authority is weak and unconvincing.

After a hearing held on April 14, 2008, the undersigned, relying on *United States v. Walcott*, 972 F.3d 323, 327 (11th Cir. 1992), granted the government's motion to bifurcate this proceeding, and ruled that Plaintiff's motion to enforce settlement could only be granted if DOJ attorney Christopher Walker had actual authority from the Department of Justice to settle the case on the terms relied upon by Plaintiff (DE # 89).[1]

It is undisputed that the Attorney General is authorized to delegate settlement authority within the Department of Justice. *See* 28 U.S.C. 516, 519 and 28 C.F.R. Part O, Subpart Y and app. Under Justice Department regulations, the Director of the Civil Division Appellate Staff has the authority to approve a settlement in certain civil appeals where, *inter alia*, the settlement amount is under $1,000,000.00, all the interested government components concur in the proposed agreement, and a novel question of law or policy is not presented. *See* 28 C.F.R. Part O, Subpart Y and app., Civil Division Directive No. 14-95(1)(e). Robert Kopp, the Director of the Civil Division Appellate Staff, is the lowest level official in the Justice Department who has the authority to approve a settlement of Plaintiff's case on appeal for $100,000.00.

11th Cir. R. 33-1(c)(1), regarding appellate mediation, states that "[f]or a governmental or other entity for which settlement decisions must be made collectively, the availability, presence or participation requirement may be satisfied by a representative authorized to negotiate on behalf of that entity and to make

---

[1] Based upon this ruling, the undersigned Magistrate Judge did not consider other issues regarding whether an enforceable settlement agreement was reached, including but not limited to whether Mr. Walker had apparent authority and whether the parties reached agreement as to all material matters.

7

recommendations to it concerning settlement."

The undersigned finds that the credible evidence establishes that Walker did not have actual authority to settle this case, nor did any authorized official in the Justice Department authorize the settlement of this case by Walker or by any other government attorney.  The undersigned credits the testimony of Kopp that he never authorized Walker or any other government attorney to settle this case, and that no government attorney, including but not limited to Walker and/or Stern, ever sought from him the authority to settle this case.  The undersigned also credits the testimony of Walker that he did not have authority to settle this case, and that he did not seek authority to settle this case from Kopp.

Some of the statements which attorney Walker made were perhaps unfortunate, especially the September 27, 2007 email in which he stated "we are not authorized to offer more than $100K in settlement -- much less $200K" (Pltf's Ex. 5).[2]  This email might have given Plaintiff's counsel the impression that Walker had the authority to settle the case, as opposed to recommend a settlement.  However, the fact remains that no settlement against the United States can be enforced unless the agent of the United States had the actual authority to settle the case.  Apparent authority of an agent is insufficient to bind the United States.  *United States v. Walcott, supra.*

Plaintiff's counsel has made it clear that he does not think it fair that the government can send a representative to mediation who does not have the authority to settle a case.  However, the 11th Circuit rule which permits this to occur makes the propriety of the government's actions in the case at bar clear.  Indeed, the proposed

_____

[2] The undersigned notes that Walker started with the Justice Department in August 2007, at which time he had been an attorney for about a year.

settlement agreement which attorney Walker provided to Plaintiff's attorney also clearly stated that the Attorney General or the Attorney General's designee had to approve the terms of the settlement and authorize the attorney representing the United States to negotiate and consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in the stipulation and that the United States would not seek approval from the Attorney General or his designee unless and until the parties had agreed to the terms and conditions of the Stipulation.[3]

Thus, the evidence overwhelmingly establishes that Walker could not settle this case without authorization, and that Walker never requested or received authorization to consummate any settlement agreement.   Therefore, the undersigned finds and concludes that there was no enforceable settlement agreement reached, and recommends that Plaintiff's motion to enforce settlement be denied.

Therefore, for the reasons stated above and orally at the hearing, and based upon a thorough review of the record, it is hereby

**RECOMMENDED** that the District Court adopt the findings and conclusions of the undersigned Magistrate Judge that no enforceable settlement agreement was reached and that therefore Plaintiff's Motion to Enforce Settlement (Attached to DE # 79), should be **DENIED**.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the Honorable Paul C. Huck, United

---

[3]  The undersigned recognizes, of course, that this is the document which Plaintiff challenges as unfairly changing the terms of the oral settlement agreement reached by the parties; however, it corroborates the testimony of Mr. Walker and Mr. Kopp that no such authority had been given at the time of the verbal discussions.

States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on June 20, 2008.


_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**


**Copies furnished to:**
**The Honorable Paul C. Huck**
   **United States District Judge**
**All counsel of record**